UNITED STATES DISTRICT COURT   JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-7183-DMG (GJSx) | Date | November 10, 2021 |
| Title | *Maria Velaso Rodas v. Costco Wholesale Corp., et al.* | Page | 1 of 3 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [9]**

## I. BACKGROUND

Plaintiff Maria Velaso Rodas visited a store owned and operated by Defendant Costco Wholesale Corporation ("Costco") in Inglewood, California, on November 18, 2018. Not. of Removal, Ex. 1 (Compl.) at ¶¶ 14-15 [Doc. # 1-2]. She alleges that as she was exiting the store, she slipped and fell on a sausage "and/or similar object," causing severe injuries. *Id.* at ¶ 8.

On August 12, 2020, Plaintiff filed suit in Los Angeles County Superior Court against Costco, "Lisa Doe," and Does 1 through 25, inclusive. The Complaint alleges that, while Costco is a corporate citizen of Washington, Plaintiff and Lisa Doe are residents of Los Angeles County. *Id.* at ¶¶ 1-3.

Costco removed the action to this Court on September 7, 2021. [Doc. # 1]. The Notice of Removal asserts that the Court has diversity jurisdiction over the action because Plaintiff and Costco are diverse and Plaintiff's statement of damages received on August 6, 2021 indicates that she seeks $2 million in total damages. Not. of Removal at ¶¶ 1-2, 8-9.

Plaintiff now moves to remand the action to Los Angeles County Superior Court. Mot. to Remand ("MTR") [Doc. # 9.] The motion is fully briefed. [Doc. ## 13-14.]

## II. LEGAL STANDARD

Defendants may remove a case filed in a state court to a federal court if the federal court would have original jurisdiction over the case. 28 U.S.C. § 1441. Diversity jurisdiction under 28 U.S.C. section 1332 requires that all plaintiffs in a suit be of diverse citizenship from all defendants. *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir.

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | JS-6 / REMAND |

| Case No. | **CV 21-7183-DMG (GJSx)** | Date | November 10, 2021 |
|---|---|---|---|
| Title | *Maria Velaso Rodas v. Costco Wholesale Corp., et al.* | Page | 2 of 3 |

2008) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted); *see also Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (any "doubt is resolved against removability"). The party "seeking removal has the burden to establish that removal is proper" and the "burden of establishing federal subject matter jurisdiction." *Id.*; *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).

### III.
### DISCUSSION

Plaintiff contends that the Court should remand this action because, *inter alia*, Lisa Doe's California citizenship destroys complete diversity. *See* MTR.

Costco responds by relying on section 1441, which states that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." Opp. at 4-5 (citing 28 U.S.C. § 1441(b)(1)). According to Costco, that language requires the Court to disregard Lisa Doe's citizenship and determine that Plaintiff and Costco are completely diverse. A review of the case law interpreting section 1441 reveals that Costco's characterization of the statute is overly simplistic.

Instead, courts in the Ninth Circuit have synthesized the complex jurisprudence on whether courts may consider the citizenship of fictitious defendants for removal jurisdiction purposes into the following rule statement: "[t]he question . . . becomes whether the Plaintiffs' description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action." *Gardiner Family, LLC v. Crimson Resource Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1035-36 (E.D. Cal. 2015); *see also Barnes v. Costco Wholesale Corp.*, No. CV 19-7977-DMG (JPRx), 2019 WL 6608735, *2 (C.D. Cal. Dec. 4, 2019) (finding allegations regarding the Doe Costco employees responsible for a plaintiff's alleged injuries sufficient for the Court to consider their citizenship for jurisdictional purposes); *Sandoval v. Republic Servs., Inc.*, No. CV 18-01224-ODW (KSx), 2018 WL 1989528, at *3 (C.D. Cal. Apr. 24, 2018) (holding that courts should consider Doe Defendants' citizenship especially "when a named defendant knew or should have known the fictitious defendant's identity because that defendant *employed* the fictitiously

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 21-7183-DMG (GJSx)** | Date | November 10, 2021 |
| Title | *Maria Velaso Rodas v. Costco Wholesale Corp., et al.* | Page | 3 of 3 |

named defendant."); *Collins v. Garfield Beach CVS, LLC*, No. CV 17-3375-FMO (GJSx), 2017 WL 2734708, at *2 (C.D. Cal. June 26, 2017) ("[W]hen a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as a company's agent, the court <u>should</u> consider the citizenship of the fictitious defendant.").

Here, Plaintiff has plainly alleged a reasonable indication of Lisa Doe's identity, relationship to the action, and citizenship. Plaintiff alleges that Lisa Doe (1) resides in Los Angeles County, California, (2) was the supervisor and/or manager of the Costco Inglewood location on November 18, 2018; and (3) was responsible for the maintenance of the store and the training of its employees. *See* Compl. at ¶ 3. Given that Lisa Doe is readily identifiable based on this information, the Court agrees with *Collins* that it would be "unfair" to force Plaintiff from his chosen forum into federal court by allowing Costco "to plead ignorance about the defendant-employee's identity" when it "was in a position to know that information." *Collins*, 2017 WL 2734708, at *2.

Since persuasive authority indicates that the Court may consider Lisa Doe's citizenship for purposes of diversity jurisdiction, and Plaintiff's allegations are sufficient to demonstrate that Lisa is a California citizen, complete diversity does not exist. The Court thus lacks subject matter jurisdiction over this action.[1]

## IV.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's MTR. This action is hereby **REMANDED** to the Los Angeles County Superior Court. The November 12, 2021 hearing and scheduling conference are **VACATED**. Plaintiff's request for sanctions is **DENIED** because Costco had an objectively reasonable basis for removal based on the statutory text and Plaintiff's statement of damages. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.") (citing 28 U.S.C. § 1447(c)).

**IT IS SO ORDERED.**

---

[1] Given the Court's determination that complete diversity does not exist, the Court need not address Plaintiff's argument that Costco has not satisfied the amount in controversy requirement.